UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ELEY SHAMEL,                                 :

                        Plaintiff,           :        11 Civ. 9473 (GBD)(HBP)

        -against-                            :        REPORT AND
                                                      RECOMMENDATION
ROSE AGRO, CAPT. CARTER and                  :
C.O. SHIELD #18479, ROLLISON,
                                             :

                        Defendants.          :
----------------------------------X

              PITMAN, United States Magistrate Judge:


              TO THE HONORABLE GEORGE B. DANIELS, United States

District Judge,


I.  Introduction


              Pro se plaintiff Eley Shamel, a pretrial detainee in

the custody of the New York City Department of Correction

("DOC"), commenced this action pursuant to 42 U.S.C. § 1983

against Warden Rose Agro, Captain Tyrone Carter and Correction

Officer Rollison[1] (collectively, "Defendants").  Plaintiff claims

that Defendants violated his right to adequate medical treatment

under the Fourteenth Amendment when they confiscated his personal

---

[1]Neither Plaintiff nor Defendants has provided the first
name of Officer Rollison.

sneakers, required him to wear DOC-issued footwear and failed to provide him with supportive footwear in accordance with the medical staff's recommendations.  Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  For the reasons set forth below, I respectfully recommend that Defendants' motion be granted.

II.  Facts

    The following facts are taken from plaintiff's complaint (Docket Item 2 ("Compl.")) and are assumed to be true for the purposes of this motion.  At all times relevant, plaintiff was a pre-trial detainee at DOC's George R. Vierno Center ("GRVC") on Riker's Island.  Plaintiff alleges that on July 14, 2011 Officer Rollison took away his personal sneakers while he was in the GRVC intake area (Compl. at II.D).  Plaintiff alleges that Captain Carter was the commanding officer at that time and that neither Officer Rollison nor Captain Carter explained why his sneakers were being taken away (Compl. at II.D, IV.B.1).  Plaintiff further alleges that he has been "forced to wear facility sneakers that are very thin" and have "no arch support" (Compl. at V).  According to plaintiff, the DOC-issued footwear has caused "severe pain" on the balls of his feet (Compl. at III).  Plaintiff claims that he needs supportive

footwear "to take the pressure off the spurs of [his] feet" (Compl. at III).  Without this supportive footwear, plaintiff has "to walk off balance to support the pain" (Compl. at III).

Plaintiff alleges that he has "received the very medium [sic] of medical attention" and that the medical staff at GRVC gave him a "medical past [sic] for [his] sneakers and boots" and advised him that there was "no reason why [he] should be without personal sneakers/medical sneakers" (Compl. at IV.G).  Plaintiff further claims that his medical records show that he has "medical foot problems" and that he needs "proper shoes with arch support that support [his] feet" (Compl. at IV.G).

Plaintiff acknowledges that GRVC has a grievance procedure, but alleges that it did not cover his claim (Compl. at IV.B, IV.C).  Nevertheless, plaintiff filed a grievance at GRVC in which he grieved "the fact that [his] personal sneakers [were] taken from [him] by force without [an] explanation, even [] after the District Court mandated G.R.V.C."[2] (Compl. at IV.E.1). Plaintiff did not receive a response to his grievance, but did not take any additional steps to appeal the grievance (Compl. at IV.E.2, IV.E.3).  Plaintiff does allege, however, that he tried

_____

[2]Plaintiff does not explain his reference to the "District Court" and the meaning of this reference is not explained in his other factual allegations.

to follow up on his grievance by writing a letter to Warden Agro and by talking to the area captain (Compl. IV.E.3).  Although plaintiff does not identify the area captain to whom he spoke, reading plaintiff's allegations leniently, I shall assume plaintiff is referring to Captain Carter.

Construing his complaint liberally, plaintiff asserts a claim of deliberate indifference to his serious medical needs arising from (1) the confiscation of his personal sneakers and their replacement with DOC-issued footwear and (2) the failure to provide him with more supportive footwear in accordance with the recommendation of GRVC's medical staff.  Plaintiff seeks an order compelling GRVC to follow an unidentified "Court mandate"[3] and "to allow detainees to wear their personal sneakers as ordered by the Court and doctors of G.R.V.C." (Compl. at V).  He also seeks $15,000 in damages for pain and suffering (Compl. at V).

Defendants moved to dismiss plaintiff's complaint on May 1, 2012.  Although plaintiff has not filed an opposition as of date, I shall address the motion on the merits.  See McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not

---

[3]As noted above, plaintiff does not provide any explanation of his reference to "the Court mandate."

4

warrant dismissal.").

III.  <u>Analysis</u>

    A.  Standards Applicable to
       Motion to Dismiss
       <u>Pursuant to Rule 12(b)(6)</u>

    The standards applicable to a motion to dismiss pursuant to Rule 12(b)(6) are well-settled and require only brief review.

> When deciding a motion to dismiss under Rule 12(b)(6), [the court] must accept as true all well-pleaded factual allegations of the complaint and draw all inferences in favor of the pleader.  <u>See</u> <u>City of Los Angeles v. Preferred Communications, Inc.</u>, 476 U.S. 488, 493 (1986); <u>Miree v. DeKalb County</u>, 433 U.S. 25, 27 n.2 (1977) (referring to "well-pleaded allegations"); <u>Mills v. Polar Molecular Corp.</u>, 12 F.3d 1170, 1174 (2d Cir. 1993).  "'[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'"  <u>Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.</u>, 62 F.3d 69, 72 (2d Cir. 1995) (<u>quoting</u> <u>Cortec Indus., Inc. v. Sum Holding L.P.</u>, 949 F.2d 42, 47 (2d Cir. 1991)).  The Court also may consider "matters of which judicial notice may be taken."  <u>Leonard T. v. Israel Discount Bank of New York</u>, 199 F.3d 99, 107 (2d Cir. 1999) (<u>citing</u> <u>Allen v. WestPoint-Pepperill, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991)).  In order to avoid dismissal, a plaintiff must do more than plead mere "[c]onclusory allegations or legal conclusions masquerading as factual conclusions."  <u>Gebhardt v. Allspect, Inc.</u>, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000) (<u>quoting</u> 2 James Wm. Moore, Moore's Federal Practice ¶ 12.34[a][b] (3d ed. 1997)).

<u>Hoffenberg v. Bodell</u>, 01 Civ. 9729 (LAP), 2002 WL 31163871 at *3

(S.D.N.Y. Sept. 30, 2002) (Preska, D.J.); see also In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007); Johnson & Johnson v. Guidant Corp., 525 F. Supp. 2d 336, 345-46 (S.D.N.Y. 2007) (Lynch, then D.J., now Cir. J.).

The Supreme Court has clarified the proper mode of inquiry for evaluating a motion to dismiss pursuant to Rule 12(b)(6), which uses as its starting point the principle that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).

> [I]n Bell Atl[antic] Corp. v. Twombly, 550 U.S. 544 (2007), the Court disavowed the well-known statement in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  550 U.S. at 562.  Instead, to survive a motion to dismiss under Twombly, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Talley v. Brentwood Union Free Sch. Dist., No. 08 Civ. 790 (DRH), 2009 WL 1797627 at *4 (E.D.N.Y. June 24, 2009).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful

in fact).

Bell Atl. Corp. v. Twombly, supra, 550 U.S. at 555 (citations, internal quotations and alterations omitted).

In evaluating a motion under Rule 12(b)(6), the court must determine whether the plaintiff has alleged any facially plausible claims. See Smith v. NYCHA, 410 F. App'x 404, 405-06 (2d Cir. 2011). A claim is plausible when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, supra, 556 U.S. at 678 (internal quotations omitted). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, supra, 556 U.S. at 679, quoting Fed.R.Civ.P. 8(a)(2).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions." Ashcroft v. Iqbal, supra, 556 U.S. at 678; see also Reed Const. Data Inc. v. McGraw-Hill Cos., Inc., 745 F. Supp. 2d 343, 349 (S.D.N.Y. 2010) (Sweet, D.J.). As a result, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, supra, 556 U.S. at 679.

Where, as here, a plaintiff proceeds pro se, the complaint must be liberally construed to raise the strongest claims that the allegations suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This rule applies "with particular stringency to [pro se] complaints of civil rights violations." Phillip v. Univ. of Rochester, 316 F.3d 291, 293-94 (2d Cir. 2003).

B.   Defendants' Motion to Dismiss

Defendants move to dismiss plaintiff's complaint on three grounds: (1) plaintiff has failed to exhaust his administrative remedies; (2) plaintiff's factual allegations do not rise to the level of a constitutional violation and (3) plaintiff has not adequately alleged the personal involvement of

defendants Warden Agro and Captain Carter.

1. Exhaustion under the PLRA

a. Applicable Law

Defendants first argue that plaintiff's complaint should be dismissed because plaintiff has failed to exhaust his administrative remedies.

Under the Prisoner Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted."  42 U.S.C. § 1997e(a).  "The PLRA exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'"  Espinal v. Goord, 558 F.3d 119, 124 (2d Cir. 2009), quoting Porter v. Nussle, 534 U.S. 516, 532 (2002).  In addition, the PLRA applies to claims asserted by pretrial detainees as well as sentenced prisoners.  See United States v. Al-Marri, 329 F. Supp. 2d 366, 367-68 (S.D.N.Y. 2002) (Marrero, D.J.); Rivera v. State of New York, 96 Civ. 7697 (RWS), 1999 WL 13240 at *4-*5

(S.D.N.Y. Jan. 12, 1999) (Sweet, D.J.).  Exhaustion is mandatory
"regardless of the fit between a prisoner's prayer for relief and
the administrative remedies possible."  Booth v. Churner, 532
U.S. 731, 739 (2001).  "Section 1997(e) requires 'proper
exhaustion' -- that is, 'using all steps that the agency holds
out, and doing so properly.'"  Amador v. Andrews, 655 F.3d 89, 96
(2d Cir. 2011), quoting Woodford v. Ngo, 548 U.S. 81, 90 (2006).

      Exhaustion is an affirmative defense, and a plaintiff
is not required to plead or demonstrate exhaustion in a
complaint.  Jones v. Bock, 549 U.S. 199, 212 (2007).
Nonetheless, if it appears from the face of the complaint that a
plaintiff has failed to exhaust his administrative remedies, or
that non-exhaustion is otherwise apparent, a court may decide the
issue of exhaustion on a Rule 12(b)(6) motion.  See Pani v.
Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998) (an
affirmative defense may be raised in a Rule 12(b)(6) motion
without resort to summary judgment if the defense appears on the
face of the complaint); Flowers v. City of New York, 668 F. Supp.
2d 574, 578 (S.D.N.Y. 2009) (McMahon, D.J.) ("[D]ismissal for
failure to state a claim is appropriate where, on the face of the
complaint, plaintiff states that he did not exhaust."); McCoy v.
Goord, 255 F. Supp. 2d 233, 250-52 (S.D.N.Y. 2003) (Chin, then
D.J., now Cir. J.) ("If nonexhaustion is clear from the face of

the complaint (and incorporated documents), a motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted.").

The procedure for exhaustion is not defined by the PLRA, but rather by the rules of the facility in which the inmate-plaintiff is incarcerated.  Espinal v. Goord, supra, 558 F.3d at 124.  Inmates at GRVC, which is a DOC facility, must follow the steps set forth in the DOC's Inmate Grievance Resolution Program ("IGRP").  Myers v. City of New York, 11 Civ. 8525 (PAE), 2012 WL 3776707 at *4 (S.D.N.Y. Aug. 29, 2012) (Engelmayer, D.J.), citing Espinal v. Goord, supra, 558 F.3d at 124.  This requires an inmate to:  "(1) file a complaint with the Inmate Grievance Review Committee ("IGRC") and request a formal hearing, (2) appeal to the facility warden or his designee, (3) appeal to the DOC Central Review Committee, and (4) appeal to the New York City Board of Correction."  Bush v. Horn, 07 Civ. 3231 (RJS)(FM), 2010 WL 1712024 at *3 (S.D.N.Y. Mar. 2, 2010) (Mass, M.J.) (Report & Recommendation), citing DOC Directive 3375-R, dated 3/18/08, available at http://nyc.gov/html/doc/downloads/ pdf3375R-A.pdf ("DOC Directive").[4]  Accord Johnson v. Agros, 10

---

[4]As with other courts in the Second Circuit, I shall take judicial notice of these procedures.  Martin v. City of New York, 11 Civ. 600 (PKC)(RLE), 2012 WL 1392648 at *5 n.2 (S.D.N.Y. Apr.
(continued...)

Civ. 8312 (PAE), 2012 WL 3564028 at *4 (S.D.N.Y. Aug. 20, 2012)
(Engelmayer, D.J.); Ramrattan v. New York City Dep't of
Corrections, 11 Civ. 3059 (SAS), 2012 WL 3135629 at *2 (S.D.N.Y.
Aug. 2, 2012) (Scheindlin, D.J.); Jones v. Rikers Island Care
Custody, 07 Civ. 10414 (RWS), 2010 WL 148616 at *1 (S.D.N.Y. Jan.
14, 2010) (Sweet, D.J.); Antrobus v. Dep't of Corrections, 07
Civ. 2076 (JSR), 2009 WL 773277 at *4 (S.D.N.Y. Mar. 24, 2009)
(Rakoff, D.J.) (adopting Report & Recommendation of Fox, M.J.).
An inmate must exhaust all levels of the IGRP to meet the
exhaustion requirement.  Prince v. Latunji, 746 F. Supp. 2d 491,
495 (S.D.N.Y. 2010) (Marrero, D.J.); Jones v. Rikers Island Care
Custody, supra, 2010 WL 148616 at *2.[5]

        Under certain circumstances, a court may excuse non-
exhaustion.  Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004).  A
court will consider (1) "whether administrative remedies were in
fact 'available' to the prisoner;" (2) "whether the defendants
may have forfeited the affirmative defense of non-exhaustion by

---

        [4](...continued)
20, 2012) (Castel, D.J.) (citing cases).

        [5]Although the IGRP has been amended since the events giving
rise to plaintiff's claim to exclude claims based on "[m]edical
staff (e.g., complaints regarding quality of care, request for
second medical opinion)," see DOC Directive 3376, App'x A, dated
9/10/12, available at http://www.nyc.gov/html/doc/downloads/pdf/
Directive_3376_Inmate_Grievance_Request_Program.pdf, from the
list of grievable claims, no such exclusion existed at the time
period relevant to this action.

failing to raise or preserve it or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense" and (3) "whether 'special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with administrative procedural requirements.'" Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (internal citations omitted); accord Macias v. Zenk, 495 F.3d 37, 41 (2d Cir. 2007); Ruggerio v. Cnty. of Orange, 467 F.3d 170, 175 (2d Cir. 2006); Kasiem v. Switz, 756 F. Supp. 2d 570, 576 (S.D.N.Y. 2010) (Holwell, D.J.).

b. Application

Plaintiff did not exhaust his administrative remedies. Exhaustion requires a plaintiff to pursue all levels of administrative review. By filing only a grievance, plaintiff, has only partially satisfied the first step of the grievance process, which requires an inmate to file both a complaint and request a formal hearing. Although plaintiff alleges that he "tried doing a followup on the grievance" and that he talked to the area captain and wrote to Warden Agro, these informal efforts did not comply with the procedures set forth in the IGRP and were, therefore, insufficient to exhaust his claims. See Macias

v. Zenk, supra, 495 F.3d at 44 (PLRA's exhaustion requires compliance with prison's procedural rules; informal complaints to prison staff are insufficient); Antrobus v. Warden of GRVC, 11 Civ. 5128, 2012 WL 1900542 at *3 (S.D.N.Y. May 25, 2012) (Furman, D.J.) (plaintiff had failed to exhaust where he had filed a grievance but took no additional steps); Williams v. Dep't of Corrections, supra, 2011 WL 3962596 at *5 ("[S]imply engaging in the initial step of the grievance process without taking further action does not satisfy the PLRA's exhaustion requirement." (footnote omitted)); Jones v. Rikers Island Care Custody, supra, 2010 WL 148616 at *2 (plaintiff had failed to exhaust where he had not formally appealed his grievance, but rather had spoken to the Inspector's General office); Simon v. Campos, 09 Civ. 6231 (PKC), 2010 WL 1946871 at *6 (S.D.N.Y. May 10, 2010) (Castel, D.J.) (letters and oral complaints failed to satisfy exhaustion requirement); Mateo v. Alexander, 08 Civ. 8797 (RJH)(DF), 2010 WL 431718 at *3 (S.D.N.Y. Feb. 9, 2010) (Holwell, D.J.) ("[I]nformal letters of complaint are no substitute for proper exhaustion in accordance with state grievance procedures."); Adames v. New York City Dep't of Corrections, 07 Civ. 4021 (GBD), 2008 WL 2743835 at *3 (S.D.N.Y. July 14, 2008) (Daniels, D.J.) (plaintiff who had filed multiple grievances and presented them to the warden had failed to exhaust because he did not pursue any of the subsequent

14

steps under the IGRP); Hamlett v. Srivastava, 496 F. Supp. 2d
325, 328-29 (S.D.N.Y. 2007) (Marrero, D.J.) (plaintiff who had
filed a grievance but had taken no additional steps had failed to
exhaust).  Plaintiff's informal complaints made outside of the
IGRP grievance process failed to exhaust his claim and his action
is, therefore, barred.

Finally, plaintiff does not allege any facts that would
excuse his failure to exhaust.  First, administrative remedies
were available to plaintiff.  "When determining whether an
administrative remedy is available, courts 'should be careful to
look at the applicable set of grievance procedures, whether city,
state or federal.'"  Abney v. McGinnis, 380 F.3d 663, 668 (2d
Cir. 2004), quoting Mojias v. Johnson, 351 F.3d 606, 610 (2d Cir.
2003).  Courts apply an objective test that asks whether "a
similarly situated individual of ordinary firmness" would have
deemed the grievance procedures available.  Hemphill v. New York,
supra, 380 F.3d at 688 (internal quotation omitted).  Although
plaintiff alleges that the grievance procedure did not cover his
claim, a plain reading of the IGRP requires an opposite
conclusion.  The IGRP defines a grievance as:

> a written complaint submitted by an inmate in the
> custody of the Department about the substance or
> application of any written or unwritten policy,
> regulation, rule or procedure of the DOC . . . or the
> lack of a policy, regulation, rule, or procedure, based

> on the impact of such policy or lack thereof on the inmate personally

(DOC Directive at 3).  The decision to confiscate plaintiff's personal sneakers and to require him to wear DOC-issued footwear is plainly encompassed within a DOC "policy, regulation, rule, or procedure."  See, e.g., Johnson v. Agros, supra, 2012 WL 3564028 at *5 ("Johnson's complaint about footwear logically fits into a number of these categories.  For example, the footwear he was issued upon arrival to the MDC was issued pursuant to a 'written or unwritten policy, regulation, rule or procedure of the DOC.'").  In addition, Defendants' purported failure to comply with GRVC medical staff's recommendation to provide plaintiff with supportive footwear is also grievable because it too relates to a DOC "policy, regulation, rule, or procedure."  The fact that plaintiff filed a grievance further undermines his allegation that the grievance procedure did not cover his claim.  Finally, the Complaint contains no facts which suggest that Defendants engaged in any conduct -- like threats -- that rendered administrative relief was "effectively unavailable" to plaintiff.  See Hemphill v. New York, supra, 380 F.3d at 687.  Thus, the first Hemphill exception is inapplicable.

Second, there is no indication that any of the Defendants took any steps to prevent plaintiff from filing a

grievance on his claims.  This is made plain by the fact that plaintiff did indeed file a grievance.  In addition, because Defendants have raised exhaustion in their motion to dismiss, they have not forfeited the defense.  Finally, plaintiff has not alleged any facts which suggest that there were any special circumstances that prevented him from fully exhausting his claims through the IGRP.

Accordingly, none of the Hemphill exceptions apply, and plaintiff is therefore barred from bringing suit on his unexhausted claim here.  I respectfully recommend that Defendants' motion to dismiss be granted on the basis of failure to exhaust.

2. Merits

Even if I were to assume that plaintiff exhausted his claims, Defendants' motion to dismiss should also be granted because plaintiff's claims fail on the merits.

a.  Applicable Law:
    Section 1983

Section 1983 imposes liability on individuals who, while acting under the color of state law, violate an individual's federally-protected rights.  Perkins v. Brown, 285

17

F. Supp. 2d 279, 283 (E.D.N.Y. 2003); Johnson v. Bendheim, 00
Civ. 720 (JSR), 2001 WL 799569 at *5 (S.D.N.Y. July 13, 2001)
(Rakoff, D.J.).  Plaintiff alleges that Defendants violated his
constitutional right to adequate medical care by taking away his
personal sneakers, requiring him to wear DOC-issued footwear and
failing to provide him with supportive footwear after he
consulted with GRVC's medical staff.

         A jailed individual is protected by the United States
Constitution against deliberate indifference to conditions that
pose a substantial risk of serious harm to his physical well-
being.  If the individual is a sentenced prisoner, the source of
the protection is the Eighth Amendment.  Farmer v. Brennan, 511
U.S. 825, 828 (1994) (citations omitted).  If the individual is a
pretrial detainee, the source of protection is the Due Process
Clause of the Fourteenth Amendment.  Weyant v. Okst, 101 F.3d
845, 856 (2d Cir. 1996).  The source of the protection is of no
moment because the Fourteenth Amendment provides substantially
the same protection to pretrial detainees that the Eighth
Amendment provides to sentenced prisoners.  See Bell v. Wolfish,
441 U.S. 520, 535 n.16 (1979); Weyant v. Okst, supra, 101 F.3d at
856; Bryant v. Maffucci, 923 F.2d 979, 983 (1991); see also
Caiozzo v. Koreman, 581 F.3d 63, 70 (2d Cir. 2009) ("We have
often applied the Eighth Amendment deliberate indifference test

18

to pretrial detainees bringing actions under the Due Process
Clause of the Fourteenth Amendment." (quoting Cuoco v. Moritsugu,
222 F.3d 99, 106 (2d Cir. 2000)).  Moreover, because "'it may
suffice for Eighth Amendment liability that prison officials were
deliberately indifferent to the medical needs of their prisoners,
it follows that such deliberately indifferent conduct must also
be enough to satisfy the fault requirement for due process claims
based on the medical needs of someone jailed while awaiting
trial.'"  Cuadrado v. City of New York, 05 Civ. 10706 (PKC), 2007
WL 2330300 at *5 (S.D.N.Y. Aug. 16, 2007) (Castel, D.J.), quoting
Cnty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).

        Under the Eighth Amendment, the government is obligated
to provide medical care to inmates and "'deliberate indifference
to serious medical needs of prisoners constitutes the
"unnecessary and wanton infliction of pain" proscribed by the
Eighth Amendment.'"  Washington v. The City of New York, 10 Civ.
389 (LTS)(JLC), 2011 WL 566801 at *2 (S.D.N.Y. Feb. 15, 2011)
(Swain, D.J.), quoting Estelle v. Gamble, 429 U.S. 97, 104
(1976).

        However, not every claim of inadequate medical
treatment by an inmate establishes a Constitutional violation.
Estelle v. Gamble, supra, 429 U.S. at 105 (1976).  Rather, a
plaintiff must satisfy both the objective and subjective prongs

                              19

of the deliberate indifference standard.  See Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).  A plaintiff must show that (1) "the alleged deprivation of medical treatment is, in objective terms, 'sufficiently serious'" and (2) "the charged official acted with a 'sufficiently culpable state of mind.'"  Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (internal quotations omitted).

A medical condition is sufficiently serious if it is "a condition of urgency, one that may produce death, degeneration, or extreme pain."  Johnson v. Wright, supra, 412 F.3d 398, 403 (2d Cir. 2005) (internal quotation omitted).  "Factors to consider in determining the existence of a serious medical condition include 'the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; the existence of chronic and substantial pain,' or 'the absence of adverse medical effects or demonstrable physical injury.'"  Edmonds v. Cent. N.Y. Psychiatric Ctr., 10 Civ. 5810 (DAB)(KNF), 2011 WL 3809913 at *4 (S.D.N.Y. Aug. 25, 2011) (Batts, D.J.) (internal footnote and alterations omitted), quoting Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) and Smith v. Carpenter, 316 F.3d 178, 187 (2d Cir. 2003).

"Furthermore, 'the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract' is the relevant inquiry in deciding a . . . claim based on temporary delay or interruption of medical treatment." Atkins v. Cnty. of Orange, 372 F. Supp. 2d 377, 413 (S.D.N.Y. 2005) (Conner, D.J.), quoting Smith v. Carpenter, supra, 316 F.3d at 186. "Indeed, in most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of harm." Smith v. Carpenter, supra, 316 F.3d at 187.

To satisfy the subjective prong, "a prison official must have a 'sufficiently culpable state of mind.'" Farmer v. Brennan, supra, 511 U.S. at 834. An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Farmer v. Brennan, supra, 511 U.S. at 837; accord Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). "'Deliberate indifference' describes a mental state more blameworthy than negligence; but a plaintiff is not required to show

21

that the defendant acted for the 'very purpose of causing harm or with knowledge that harm will result.'"  Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).  "The subjective element requires a state of mind that is the equivalent of criminal recklessness . . . ."  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).  A plaintiff must show that "the prison official was aware of, and consciously disregarded, the prisoner's medical condition."  Hernandez v. Goord, 02 Civ. 1704 (DAB), 2006 WL 2109432 at *6 (S.D.N.Y. July 28, 2006) (Batts, D.J.), citing Chance v. Armstrong, supra, 143 F.3d at 703.

b.  Analysis

Plaintiff alleges that the DOC-issued footwear has caused him pain on the balls of his feet, has put pressure on his foot spurs and has caused him to walk off balance.  These allegations, however, do not describe a medical condition that is one of "urgency" or "one that may produce death, degeneration, or extreme pain."  See Johnson v. Wright, supra, 412 F.3d at 403.  Although plaintiff may have experienced some discomfort by being required to wear footwear that is "very thin" and with "no arch support" rather than his personal sneakers or other more supportive footwear, these are the very sort of allegations that other courts have routinely rejected as insufficiently serious to

satisfy the objective prong of the deliberate indifference standard. See, e.g., Chatin v. Artuz, 28 F. App'x 9, 10-11 (2d Cir. 2002) (summary order) (sprained ankle, bone spur and a neuroma not sufficiently serious); Stevens v. City of New York, 12 Civ. 3808 (JMF), 2013 WL 81327 at *3 (S.D.N.Y. Jan. 8, 2013) (Furman, D.J.) ("Indeed, courts in this Circuit have consistently found that pain and other problems resulting from being forced to wear institutional footwear are not sufficiently serious . . . ."); Taylor v. Dep't of Corrections, 11 Civ. 6892 (DAB)(GWG), 2012 WL 3024743 at *4 (S.D.N.Y. July 24, 2012) (Gorenstein, M.J.) (Report & Recommendation) (plaintiff's allegation that he was required to wear non-supportive footwear that caused him pain in his ankle and foot was "not sufficiently serious to satisfy the objective component of a deliberate indifference claim[]"); Walker v. Clemson, 11 Civ. 9623 (RJS)(JLC), 2012 WL 2335865 at *4 (S.D.N.Y. June 20, 2012) (Cott, M.J.) (Report & Recommendation) (allegation that personal sneakers were exchanged for prison-issued footwear was not a condition of confinement that offended contemporary standards of decency or posed an excessive risk to plaintiff's health or safety); Park v. City of New York, 10 Civ. 9627 (DLC), 2011 WL 5865083 at *4 (S.D.N.Y. Nov. 22, 2011) (Cote, D.J.) (plaintiff's claim that he was deprived of supportive footwear that could have alleviated foot pain caused by plantar

fasciitis was not sufficiently serious); Williams v. Dep't of Corrections, supra, 2011 WL 3962596 at *4 ("Although Williams may have been in discomfort for a period of time from having to wear shoes that he claims were 'poorly constructed with no support for the foot or cushion for the soles,' this does not constitute a condition of confinement that offends contemporary standards of decency or poses an excessive risk to a prisoner's health or safety."); Hallett v. City of New York, 08 Civ. 2831 (CM), 2010 WL 1379733 at *6 (S.D.N.Y. Mar. 26, 2010) (McMahon, D.J.) ("[T]he fact that Plaintiff's feet hurt for a few weeks does not rise to the level of a medical condition that can support a constitutional claim for inadequate medical care."); Brown v. DeFrank, 06 Civ. 2235 (AJP), 2006 WL 3313821 at *21 (S.D.N.Y. Nov. 15, 2006) (Peck, M.J.) (plaintiff's foot bunions did not satisfy the objective prong); Coqueran v. Eagen, 98 Civ. 7185, 2000 WL 96768 at *4 (E.D.N.Y. Jan. 20, 2000) ("A possible sprained ankle and bone spurs prompting four visits [to the medical staff] over the course of two years does not satisfy the 'sufficiently serious' requirement."); Alston v. Howard, 925 F. Supp. 1034, 1040 (S.D.N.Y. 1996) (Sprizzo, D.J.) (failure to provide "high performance" footwear to inmate did not create a constitutional violation); see also Edwards v. Quinones, 10 Civ. 3141 (WHP), 2010 WL 4669110 at *3 (S.D.N.Y. Nov. 17, 2010) (Pauley, D.J.) (noting

that plaintiff's claim based on inadequate footwear bore "the hallmarks of a recreational litigant and border[ed] on the patently frivolous").  Moreover, any delay in providing plaintiff with more supportive footwear in accordance with the medical staff's recommendation or the purported "Court mandate" does not constitute a sufficiently serious injury.  Plaintiff has not pled any facts that suggest that his foot condition is so debilitating or urgent that the failure to provide him with this supportive footwear subjected him to a significant risk of harm.  Thus, plaintiff's allegations fail to show a sufficiently serious medical condition.

Even if I assume that plaintiff's allegations satisfy the objective prong, the complaint should nevertheless be dismissed because it fails to establish that the Defendants acted with deliberate indifference.  Plaintiff does not allege that the Defendants were aware of his foot condition, nor does he allege that they were aware of either the fact that plaintiff had consulted with the medical staff or the results of that consultation.  Even if the Defendants were aware of plaintiff's purported foot problems and his need for supportive footwear, there are no allegations that support the inference that they consciously disregarded plaintiff's medical condition or the medical staff's recommendation.  Plaintiff does not even allege that, at the time

his personal sneakers were replaced with DOC-issued footwear or subsequent to his consultation with GRVC's medical staff, he informed any of the Defendants of a special need for supportive footwear.  Defendants, therefore, could not have knowingly disregarded an excessive risk to plaintiff's health.  Finally, plaintiff's reference to the purported "Court mandate" and Defendant's alleged failure to comply with it do not establish deliberate indifference because plaintiff does not allege that they were aware of it, much less that this failure to comply with this "mandate" created a serious risk of harm that they knowingly disregarded.  Accordingly, there is no basis to find that Defendants acted with deliberate indifference.

c. Applicable Law:
Personal Involvement

Finally, Defendants argue that plaintiff's claims against Warden Agro and Captain Carter should be dismissed because plaintiff has failed to allege the personal involvement of these defendants.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, supra, 556 U.S.

26

at 676; Thomas v. Ashcroft, 470 F.3d 491, 496-97 (2d Cir. 2006);

Barbera v. Smith, 836 F.2d 96, 99 (2d Cir. 1987); Ellis v. Blum,

643 F.2d 68, 85 (2d Cir. 1981); see also Hayut v. State Univ. of

N.Y., 352 F.3d 733, 753 (2d Cir. 2003) ("Evidence of a supervi-

sory official's 'personal involvement' in the challenged conduct

is required[ ]" to sustain a Section 1983 claim.); Ayers v.

Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (per curiam) (a mere

"linkage in the prison chain of command" is not sufficient to

demonstrate personal involvement for purposes of Section 1983);

Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  The Second

Circuit has held that a state official's personal involvement in

a federal civil rights violation can be shown by:

> (1) actual direct participation in the constitutional
> violation, (2) failure to remedy a wrong after being
> informed through a report or appeal, (3) creation of a
> policy or custom that sanctioned conduct amounting to a
> constitutional violation, or allowing such policy or
> custom to continue, (4) grossly negligent supervision
> of subordinates who committed a violation, or (5)
> failure to act on information indicating that unconsti-
> tutional acts were occurring.

Hernandez v. Keane, 341 F.3d 137, 145 (2d Cir. 2003), citing

Colon v. Coughlin, supra, 58 F.3d at 873; Avent v. New York, 157

F. App'x 375, 377 (2d Cir. 2005) (summary order); Richardson v.

Goord, 347 F.3d 431, 435 (2d Cir. 2003); Lewis v. Fischer, 08

Civ. 3027 (JG)(LB), 2009 WL 689803 at *3 (E.D.N.Y. Mar. 12,

2009); Benitez v. Locastro, 04 Civ. 423 (NAM), 2008 WL 4767439 at

27

*12 (N.D.N.Y. Oct. 29, 2008); Johnson v. Wright, 234 F. Supp. 2d
352, 363 (S.D.N.Y. 2002) ("[T]he second example listed in Colon -
- permitting supervisory liability where a 'defendant, after
being informed of the violation through a report or appeal,
failed to remedy the wrong,' -- should not be too broadly con-
strued"); Morris v. Eversley, 205 F. Supp. 2d 234, 241-42
(S.D.N.Y. 2002) (Chin, then D.J., now Cir. J.).  Thus, to impose
supervisory liability, a plaintiff must allege that the official
had "actual or constructive notice of the unconstitutional
practices and demonstrate[d] gross negligence or deliberate
indifference by failing to act."  Merriwether v. Coughlin, 879
F.2d 1037, 1048 (2d Cir. 1989) (internal quotation omitted).

             d.  Application

          Plaintiff's allegations fail to establish that either
Warden Agro or Captain Carter was personally involved in the
alleged Constitutional violation.  Plaintiff does not allege that
either Warden Agro or Captain Carter directly participated in the
confiscation of his personal sneakers or the failure to provide
him with supportive footwear, that they promulgated any policies
which allowed for the continuation of constitutional violations
or that they were grossly negligent in the supervision of subor-
dinates who were involved in the alleged violation.  The only

                              28

allegation in the Complaint regarding Warden Agro is that plaintiff wrote her a letter regarding his grievance and that she failed to respond. Plaintiff alleges that he spoke to Captain Carter, received no response and that Captain Carter was the commanding officer at the time his personal sneakers were confiscated. An inmate's allegation that he lodged informal complaints with supervisory officials and that they subsequently failed to take corrective action falls short of establishing those officials' personal involvement. Shomo v. City of New York, 579 F.3d 176, 184 (2d Cir. 2009) (allegation that plaintiff filed complaints with supervisory officials was insufficient to establish personal involvement); Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997) ("Sealey's letters and [the Commissioner's] response do not demonstrate the requisite personal involvement on [the Commissioner's] part.); Walker v. Clemson, supra, 2012 2335865 at *7 (allegation that supervisory officials received letters and grievances from inmate was insufficient to state constitutional claim against them); Lewis v. Cunningham, 05 Civ. 9243 (GBD)(RLE), 2011 WL 1219287 at *6 (S.D.N.Y. Mar. 14, 2011) (Ellis, M.J.) (Report & Recommendation) (plaintiff's conversation with supervisory official about grievance insufficient to establish defendant's personal involvement); McNair v. Kirby Forensic Psychiatric Ctr., 09 Civ. 6660 (SAS), 2010 WL 4446772 at *13

29

(S.D.N.Y. Nov. 5, 2010) (Scheindlin, D.J.) ("[M]ere notification of alleged wrongdoing does not establish personal involvement under Section 1983."); Andino v. Fischer, 698 F. Supp. 2d 362, 385 (S.D.N.Y. 2010) (Marrero, D.J.) (adopting Report & Recommendation of Ellis, M.J.) (plaintiff had not shown the personal involvement of defendants to whom he had only spoken and written); Harris v. Westchester Cnty. Dep't of Corrections, 06 Civ. 2011 (RJS), 2008 WL 953616 at *9 (S.D.N.Y. Apr. 3, 2008) (Sullivan, D.J.) ("[I]t is well-settled that allegations regarding the 'mere receipt' of a letter, complaint or grievance from an inmate and the recipient's subsequent inaction, is insufficient to establish a claim of personal involvement by a correctional supervisor."); Rivera v. Goord, 119 F. Supp. 2d 327, 344 (S.D.N.Y. 2000) (Chin, then D.J., now Cir. J.) (allegations of personal involvement insufficient where plaintiff claimed that he submitted written complaints to supervisory officials and that these complaints were ignored).

Accordingly, plaintiff's claims against Warden Agro and Captain Carter should be dismissed for the additional reason that plaintiff has failed to allege adequately their personal involvement.

IV.  Conclusion

For the foregoing reasons, I respectfully recommend that Defendants' motion to dismiss be granted in its entirety and that this action be dismissed.

V.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable George B. Daniels, United States District Judge, 500 Pearl Street, Room 1310, New York, New York 10007 and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Daniels.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.

31

1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir.

1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        January 28, 2013

                                          Respectfully submitted,

                                          HENRY PITMAN
                                        United States Magistrate Judge

Copies mailed to:

Mr. Eley Shamel
ID #2411012192
GRVC
09-09 Hazen Street
East Elmhurst, New York  11370

John M. Buhta, Esq.
New York City Law Department
100 Church Street
New York, New York  10007

32