UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELEY SHAMEL,

                Plaintiff,

-against-

ROSE AGRO, CAPT. CARTER and C.O. SHIELD #18479, ROLLISON,

                Defendants.

MEMORANDUM DECISION
AND ORDER
11 Civ. 9473 (GBD) (HBP)



GEORGE B. DANIELS, United States District Judge:

    Pro se plaintiff Eley Shamel brings this action pursuant to 42 U.S.C. § 1983 against Warden Rose Agro, Captain Tyrone Carter, and Correction Officer Rollison (collectively, "Defendants"), alleging that Defendants violated Plaintiff's right to adequate medical treatment under the Fourteenth Amendment. Specifically, Plaintiff alleges that Defendants confiscated his personal sneakers, required him to wear standard footwear issued by the Department of Correction ("DOC"), and failed to provide him with supportive footwear in accordance with the medical staff's recommendations while he was a pretrial detainee at DOC's George R. Vierno Center ("GRVC") on Riker's Island. Defendants move to dismiss Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Dkt. No. 19)

    This matter was referred to Magistrate Judge Henry B. Pitman for his Report and Recommendation ("Report"). In his Report, Magistrate Judge Pitman recommended that Defendants' motion to dismiss the complaint be granted.

1

The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F.Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Neither party filed objections to the Magistrate Judge's Report. As there is no clear error on the face of the record, Magistrate Judge Pitman's recommendation is adopted in its entirety.

### LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss will be granted if a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Chase Group Alliance LLC v. City of New York Dep't of Finance, 620 F.3d 146, 150 (2d Cir.

2010) (internal quotations and citations omitted). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 570 (2007). In order for a claim to be plausible on its face, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

When deciding a motion to dismiss, the Court is generally limited to reviewing the allegations set forth in the complaint and the documents attached to it or incorporated in it by reference. See Chambers v. time Warner, Inc., 282 F.3d 147, 152-55 (2d Cir. 2002). However, the Court, in an effort to afford a *pro se* plaintiff the greatest latitude in stating a claim for relief, may also consider the facts asserted in plaintiff's response to defendants' motion to dismiss. Cf. Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." (internal quotations and citations omitted)).

**Exhaustion of Administrative Remedies under the Prisoner Litigation Reform Act**

Magistrate Judge Pitman properly determined that Plaintiff failed to exhaust the administrative remedies available to him. Under the Prisoner Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Espinal v. Goord, 558 F.3d 119, 124 (2d Cir. 2009), quoting Porter v. Nussle, 534 U.S. 516, 532 (2002). In filing only a grievance without requesting a formal hearing, Plaintiff failed

to comply with the procedure for exhaustion under DOC's Inmate Grievance Resolution Program at GRVC. Additionally, Plaintiff has not alleged any facts that would excuse his failure to exhaust administrative remedies.

### Section 1983 Claim

Magistrate Judge Pitman also correctly determined that Plaintiff has not pled any facts to demonstrate that Defendants should be held liable for the deprivation of medical treatment in violation of the Fourteenth Amendment.

Under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee is protected by the United States Constitution against deliberate indifference to conditions that pose a substantial risk of serious harm to his physical well-being. Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996); see also Caiozzo v. Koreman, 581 F.3d 63, 70 (2d Cir. 2009). For a claim of inadequate medical treatment to be actionable under 42 U.S.C. § 1983, a plaintiff must satisfy both the objective and subjective prongs of deliberate indifference standards, demonstrating: (1) that "the alleged deprivation of medical treatment is, in objective terms, 'sufficiently serious'"; and (2) that "the charged official acted with a 'sufficiently culpable state of mind.'" Johnson v. Wright, 412 F.3d 398, 402 (2d Cir. 2005) (internal quotations omitted). Magistrate Judge Pitman properly concluded that Plaintiff's allegations of pain in his feet did not constitute a sufficiently serious medical condition to satisfy the objective prong of the deliberate indifference standard.

Furthermore, Magistrate Judge Pitman also correctly determined that Plaintiff cannot establish that Defendants acted with deliberate indifference. Plaintiff provides no allegations that Defendants knew of his foot condition, were aware of his consultations with the medical staff at GRVC, or consciously disregarded a serious medical condition or any recommendation made by the medical staff.

### Personal Involvement of Named Defendants

Finally, Magistrate Judge Pitman properly concluded that Plaintiff's allegations fail to establish that Warden Agro and Captain Carter were personally involved in any alleged Constitutional violation. Plaintiff provides no factual allegation that either Warden Agro or Captain Carter directly participated in the confiscation of his personal sneakers or the failure to provide him with supportive footwear. Plaintiff also does not contend that either Warden Agro or Captain Carter promulgated any policies that allowed for the continuation of constitutional violations, or that they were grossly negligent in the supervision of subordinates who were involved in an alleged violation.

### CONCLUSION

The Magistrate Judge's Report is adopted in its entirety. Defendant's motion to dismiss the complaint is GRANTED. As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir. 1998); United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962).The Clerk of Court is directed to close this case.

Dated: February 25, 2013
      New York, New York

SO ORDERED

*[signature]*

GEORGE B. DANIELS
United States District Judge

5